310 P.2d 506]

Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 3611.    Apr. 17, 1957.]

THE PEOPLE, Appellant, v. SAMUEL I. TUROFF, Respondent.

Roger Arnebergh, City Attorney, Donald M. Redwine, Assistant City Attorney, and Philip E. Grey, Deputy City Attorney, for Appellant.

Thomas Higgins, Jr., and Harold J. Ackerman for Respondent.

SWAIN, J.—The People appeal from a judgment which dismissed the action without trial on the ground that Business and Professions Code, section 7383, is unconstitutional. The defendant was charged with four violations of said section. Count I of the complaint, which is identical with counts II, III and IV except for the name of the employee or the date, is as follows: ''That on or about August 31, 1956, at and in Los Angeles City, in the County of Los Angeles, State of California, a misdemeanor, to wit: VIOLATION of Section 7383 of the Business and Professions Code of the State of California was committed by SAMUEL I. TUROFF (whose true name to affiant is unknown), who at the time and place last aforesaid, did wilfully and unlawfully at 610 South Broadway, in said City of Los Angeles, employ, allow to be employed, and permit to work, in and about a cosmetological establishment as a hairdresser and cosmetician and cosmetologist, as a junior operator, as a permanent waver, as an electrologist, as a junior electrologist and as a manicurist, a person, to wit: W. J. Wingate, who was not then and there duly registered and licensed by the State Board of Cosmetology.'' ▮ Respondent claims that the section is unconstitutional because it is not of uniform application as required by the 14th Amendment of the United States Constitution and is discriminatory in violation of article I, sections 11 and 21 of the Constitution of California. Article I, of section 11 of the Constitution of the State of California provides: ''All laws of a general nature shall have a uniform operation.'' Article I, section 21, provides: ''No special privileges or immunities shall ever be granted which may not be altered, revoked, or repealed by the Legislature, nor shall any citizen, or class of citizens, be granted privileges or immunities which, upon the same terms, shall not be granted to all citizens.'' Respondent's claim that the section in question is not of uniform application and is discriminatory is based on the fact that Business and Professions Code, sections 7322, 7323 and 7324 exempt certain persons from the licensing requirements of chapter X of that code. These exemptions in brief are (1) Business and Professions Code, section 7322: ''the domestic administration of any practice without compensation''; (2) Business and Professions Code, section 7323: ''the recommendation, demonstration, administration or sale of cosmetics by any person not claiming himself to be a cosmetician.''; (3) Business and Professions Code, section 7324: ''Employees employed to render cosmetolo-

gical services in the course of . . . theatrical, radio, television or motion picture production industry.''

Respondent's position is untenable. Under number (1) above, respondent would have the Legislature require a mother to be licensed if she washes her son's neck and ears or dresses her daughter's hair. Under number (2) above, respondent would have the Legislature require that every store clerk or other person who demonstrates or sells cosmetics must be licensed as a cosmetologist of cosmetician. Under number (3) above, respondent would have the Legislature require that a make-up artist in a theater, etc., be licensed, although the purpose of the work of such a person is very different from work in a beauty parlor. Furthermore, we may assume that a make-up artist would not be employed by a movie studio unless he is skilled in his art. It is obvious that the exempted persons are in inherently different classes from operators in a cosmetological establishment. 11 Cal.Jur.2d, 702, § 263: ''General laws are those which operate alike upon all persons to whom they apply and apply equally to all persons in the same category within the jurisdiction of the lawmaking power. To be general in its scope an act need not include all classes of individuals; it answers the constitutional requirement if it relates to and operates uniformly upon the whole of any single class validly selected. Nor is an act rendered special by the mere fact that it does not cover every subject which the Legislature might conceivably have included in it. It is enough that the subjects covered possess such intrinsic peculiarities as to justify the legislative determination that they require special treatment.'' We decline, however, to be drawn into the position, on this appeal, of approving every provision of the Cosmetology Act, for it is clear to our minds that if the provision is valid, forbidding one to employ, for example, an unlicensed electrologist, then it was error to dismiss the action, as we have no difficulty in concluding that the act constitutionally requires a license for an electrologist, even though it exempts him from certain of its provisions.

The judgment is reversed.

Bishop, P. J., and Kauffman, J., concurred.